**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

STEWART ABRAMSON, on behalf of
himself and others similarly situated,

   Plaintiff,

     v.

FIRST CALL SOLUTIONS, LLC,
INFOWORX DIRECT, LLC and
QUOTEWIZARD.COM, LLC,

   Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 2:26-cv-00916-RJC

District Judge Robert J. Colville

**PLAINTIFF'S OPPOSITION TO QUOTEWIZARD.COM, LLC'S
MOTION TO STRIKE CLASS ALLEGATIONS AND
<u>IMMATERIAL AND PREJUDICAL ALLEGATIONS</u>**

QuoteWizard.com, LLC ("QuoteWizard") asks the Court to do what federal courts rarely do—strike nationwide TCPA class allegations before any discovery has occurred. Its motion should be denied for three independent reasons. First, the motion is procedurally barred because QuoteWizard already filed a Rule 12 motion and Rule 12(g) prohibits successive Rule 12 motions raising arguments that were previously available. Second, even if considered, the motion is premature because the Third Circuit has repeatedly cautioned that Rule 23 issues ordinarily should not be resolved on the pleadings, particularly in TCPA cases where consent, call records, agency relationships, and classwide proof require discovery. Third, the proposed class definitions are neither fail-safe nor facially uncertifiable, and the remaining arguments merely preview defenses for class certification.

## Facts Alleged in the Complaint

Plaintiff Stewart Abramson ("Mr. Abramson" or "Plaintiff") alleges that this case involves a campaign by QuoteWizard whose agents First Call Solutions, LLC ("First Call") and

InfoWorx Direct, LLC ("Infoworx") made telemarketing calls to market QuoteWizard's goods and services by initiating telemarketing calls to residential telephone numbers using a prerecorded or artificial voice in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA"). Compl. ¶ 1. As part of the campaign, defendants placed six telemarketing calls to Plaintiff that used an artificial, prerecorded voice which came on the line after a pause and audible click, promoting QuoteWizard's goods or services. *Id*. ¶ 16.

After interacting with the artificial voice which promoted QuoteWizard, in each of the calls, a live agent came on the line and transferred Mr. Abramson directly to QuoteWizard, who offered to connect Mr. Abramson with an insurance company to provide him with insurance. *Id*. ¶ 17. Mr. Abramson brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class and sub-class (the "Class"):

> **Telephone Consumer Protection Act Prerecord Class:** All persons in the United States: (1) to whom First Call Solutions, LLC or Infoworx Direct, LLC, or any third party acting on their behalf (2) made one or more non-emergency calls for a commercial purpose, (3)  to their residential telephone number, (4) using an artificial or prerecorded voice (5) from the four years prior to the filing of the complaint through the date of trial.

> **Telephone Consumer Protection Act Prerecord Quotewizard Sub-Class:** All persons in the United States: (1) to whom First Call Solutions, LLC or Infoworx Direct, LLC, or any third party acting on their behalf (2) made one or more non-emergency calls' (3) to their residential telephone number, (4) promoting QuoteWizard's goods and/or services (5) using an artificial or prerecorded voice (6) from the four years prior to the filing of the complaint through the date of trial.

*Id*. ¶ 50.

## **ARGUMENT**

### I.    **The Motion is Procedurally Improper as QuoteWizard Already filed a Motion to Dismiss under Rule 12**

In denying a similar motion to strike which followed a separate motion to dismiss under

Rule 12, Judge Beetlestone of the Eastern District of Pennsylvania held:

> As an initial matter, Carguard's Motion to Strike pursuant to Federal Rule of Civil Procedure is untimely because it falls afoul of Federal Rule of Civil Procedure 12(g)(2), which provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes *a motion under this rule* must not make *another motion under this rule* raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12 (emphasis added); *see also Jaroslawicz v. M&T Bank Corp.*, 912 F.3d 96, 105 n.4 (3d Cir. 2018), *reh'g granted, judgment vacated on other grounds*, 925 F.3d 605 (3d Cir. 2019) (stating that Rule 12(g) "prohibits a party from making a successive motion to dismiss if that motion 'rais[es] a defense or objection that was available to the party but omitted from its earlier motion'" (quoting Fed. R. Civ. P. 12(g)(2))). The purpose of the Rule is "to prevent [] dilatory motion practice . . . a course of conduct that was pursued often for the sole purpose of delay." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1384 (3d ed. 2022); *see also Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988) (noting that the purpose of Rule 12(g) is "simple and basic: a series of motions should not be permitted because that results in delay and encourages dilatory tactics"). Consequently, "the right to raise [Rule 12] defenses [and objections] by preliminary [*4  motion is lost when the defendant neglects to consolidate them in his initial motion." Wright & Miller, *supra* at § 1385.
>
> A motion to strike is "a motion under" Rule 12; specifically, a motion to strike is one made under Rule 12(f). *See* Fed. R. Civ. P. 12(f); *see also* Wright & Miller, *supra* at § 1388 ("Motions to strike . . . are motions under Rule 12 and thus clearly are within the language of subdivision (g)."). Because Carguard filed a separate motion to strike *after* it already filed a motion to dismiss pursuant to Rule 12(b)(6), it has failed to comply with Rule 12(g)'s mandate to consolidate all motions "available to [it]" into a single motion.

*Baccari v. Carguard Admin., Inc.,* 2022 U.S. Dist. LEXIS 140853, *3-4 (E.D. Pa.). Because

QuoteWizard previously filed a Motion to Dismiss under Rule 12 (ECF No. 19), which is still

pending before the Court, this Court should apply clear Third Circuit law and deny

QuoteWizard's untimely motion to strike. QuoteWizard does not contend that any exception in

Rule 12(h) applies. Nor could it. Every argument raised in the present motion was available when QuoteWizard filed its Rule 12(b) motion.

## II.  Striking Class Allegations without Discovery is Premature and The Plaintiff's Class Definitions do not Facially lack Commonality

Significantly, because "the TCPA is 'a consumer protection statute which is remedial in nature,' this Court must interpret the statute broadly" and certainly not allow it to be turned on its head and weaponized against consumers." *Heard v. Nationstar Mortg. LLC*, No. 16-cv-00694-MHH, 2018 WL 4028116, at *5 (N.D. Ala. Aug. 23, 2018). Indeed, the Third Circuit has held, "because the TCPA is a remedial statute, it should be construed to benefit consumers." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013).

The Third Circuit has also cautioned that a motion to strike class allegations should rarely be allowed, particularly in the context of a TCPA class action. *See Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93-95 & n.30 (3d Cir. 2011) (holding that a court may deny class certification before discovery only if the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met," and explaining that "in the specific context of claims filed under the TCPA statute, it is difficult to resolve without discovery whether there are factual issues regarding class members' business relationships with defendants or whether they consented") *vacated on other grounds*, *Landsman & Funk PC v. Skinder-Strauss Assocs.*, No. 09-3105/09-3532/09-3793, 2012 U.S. App. LEXIS 11946 (3d Cir. Apr. 17, 2012).

Most notably, another federal court recently certified a nationwide TCPA class against QuoteWizard itself after rejecting many of the same arguments advanced here. In *Mantha v. QuoteWizard.com, LLC*, the District of Massachusetts certified a nationwide prerecorded-call class notwithstanding QuoteWizard's assertions regarding commonality, ascertainability, and purported

fail-safe concerns. *See Mantha v. QuoteWizard.com, LLC*, 347 F.R.D. 376 (D. Mass. 2024). That decision underscores why QuoteWizard's attempt to resolve these issues on the pleadings is particularly inappropriate.

Other courts are in agreement that motions to strike class allegations are disfavored. "Courts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-CV-846, 2014 U.S. Dist. LEXIS 63122, 2014 WL 1814076, at *2 (S.D. Ohio May 7, 2014) (ultimately finding plaintiff in a TCPA case improperly pled a fail-safe class, but granting plaintiff leave to amend its pleadings to remove reference to consent, which is not included here). "[M]otions to strike class allegations are generally disfavored because 'a motion for class certification is a more appropriate vehicle.'" *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1235-36 (S.D. Cal. 2009) (quoting *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)). "[M]any courts have recognized that the sufficiency of class allegations are better addressed through a class certification motion, after the parties have had an opportunity to conduct some discovery." *Long v. Graco Children's Prods.*, No. 13-cv-01257-JD, 2014 U.S. Dist. LEXIS 174347, at *14 (quoting *Cruz v. Sky Chefs, Inc.*, C-12-02705 DMR, 2013 U.S. Dist. LEXIS 65114, 2013 WL 1892337, at *5 (N.D. Cal. May 6, 2013). Thus, it is rare for a court to grant a motion to dismiss class allegations at the pleading stage. *In re Wal-Mart Stores, Inc. v. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). (N.D. Cal. Dec. 17, 2014).

In essence, QuoteWizard asks this Court to hold as a matter of law that potential issues at class certification should deprive Mr. Abramson of discovery and the ability to bring a properly

support motion for class certification. QuoteWizard focuses on a potential affirmative defense of consent (of which it produced no evidence to support) to assert that the action in its entirety is incapable of being maintained as a class action. In rejecting the same argument previously in a TCPA case, another court held:

> The Court finds that the defendant's motion to strike the class allegations is premature before plaintiff can develop the factual record through discovery. Loan Depot's citation of consent as a potential affirmative defense is insufficient to warrant striking the putative class solely on the pleadings. The motion to strike class allegations will, therefore, be denied.

*Rosenberg v. LoanDepot.com LLC,* 435 F. Supp. 3d 308, 318 (D. Mass. 2020).

QuoteWizard's position in this Motion is also fundamentally inconsistent with the arguments it has advanced elsewhere in this litigation. In its separately filed Motion to Dismiss, QuoteWizard repeatedly argues that Plaintiff has not sufficiently alleged the nature of QuoteWizard's relationship with First Call and InfoWorx, the extent of QuoteWizard's control over the telemarketing campaign, or the facts supporting agency and ratification. Yet, in this Motion, QuoteWizard simultaneously insists that individualized issues concerning those very relationships necessarily defeat class treatment. QuoteWizard cannot have it both ways. It cannot argue that Plaintiff lacks sufficient information regarding the telemarketing campaign while simultaneously arguing that discovery will inevitably reveal individualized issues precluding certification.

The contradiction highlights precisely why motions to strike class allegations are disfavored. The information concerning QuoteWizard's relationship with its telemarketing vendors, the prerecorded campaigns they conducted, the dialing systems they employed, the consent records they maintained, and the manner in which leads were transferred to QuoteWizard resides almost exclusively within QuoteWizard's possession. Discovery—not speculation—is the

mechanism by which those facts are developed. Rule 23 does not permit striking class allegations based upon assumptions about evidence that has not yet been produced, particularly where the defendant itself contends the relevant facts remain undeveloped.

Nor does the determination of the consent issue necessitate thousands of individual mini-trials as the Defendant claims. Courts do not see consent issues as problematic from a class certification perspective, particularly when there are uniform issues with the offered consent evidence. *Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 972 (N.D. Cal. 2019), *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012), *Zyburo v. NCSPlus, Inc.*, 44 F. Supp. 3d 500, 504 (S.D.N.Y. 2014).

Contrary to QuoteWizard's argument, courts routinely certify class actions brought under the TCPA in spite of the laundry list of supposedly class defeating issues cited by QuoteWizard. As the Fourth Circuit explained:

> In enacting the law, Congress sought to deter an activity that, while pernicious and disruptive, does not trigger extensive liability in any single case. Since few individuals would have an incentive to bring suit, no matter how frustrated they were with the intrusion on their privacy, the TCPA opted for a model that allows

*Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 656 (4th Cir. 2019) (noting that "the TCPA clearly supports class-wide resolution in the abstract").

Indeed, courts around the country have certified numerous class actions based on violations of the TCPA. Unsurprisingly, courts routinely find class actions to be the superior method of adjudicating claims in the TCPA context:

> This type of case weighs in favor of the class action as a superior device. Under the TCPA, the maximum recovery for each class member is $1,500, and it does not allow for fee shifting. Hence, individual class members are unlikely to litigate TCPA claims. Second, in finding federal courts have concurrent jurisdiction with state courts over TCPA actions, the Supreme Court effectively found that Congress did not intend state small claims courts to be the sole forum for TCPA claims. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 751, 181 L. Ed. 2d 881 (2012).

*Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 3:12-cv-2257, 2014 U.S. Dist. LEXIS 166275, at *14-15 (N.D. Ohio Dec. 1, 2014). As another federal court found while certifying a TCPA case:

> Jurists and commentators have long debated the merits of the modern class action and the public policies behind Rule 23…It is the view of this Court that the instant case highlights one of the strongest justifications for the class action device: its regulatory function…A statute such as the TCPA, which provides for a relatively small recovery for individual violations but is designed to deter conduct directed against a large number of individuals, can be effectively enforced only if consumers have available a mechanism that makes it economically feasible to bring their claims. Without the prospect of a class action suit, corporations balancing the costs and benefits of violating the TCPA are unlikely to be deterred because individual claims will not impose the level of liability that would outweigh the potential benefits of violating the statute.

*Bee, Denning, Inc. v. Capital Alliance Group*, No. 13-cv-2654, 2015 U.S. Dist. LEXIS 129495, at *37-38 (S.D. Cal. Sept. 24, 2015). At bottom, given that courts regularly certify TCPA class actions, as occurred in the District of Massachusetts against QuoteWizard, the Court should deny QuoteWizard's motion to strike. *See, Mantha v. Quotewizard.Com, LLC*, 347 F.R.D. 376, 400 (D. Mass. 2024) (certifying nationwide class and rejecting QuoteWizard's assertions that class lacked commonality and was fail-safe.)

Defendant's suggestion that the Plaintiff cannot meet the elements necessary to certify his proposed TCPA class is not credible. Rule 23(a) next requires there be "a common question of law or fact among the members of the class." Fed. R. Civ. P. 23(a)(2). The "commonality" requirement is satisfied when the class claims depend upon a "common contention" that is "capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). In other words, "questions that go to the heart of

the elements of the cause of action . . . will not vary by individual class member." *Donovan v. Philip Morris USA, Inc.*, Civ. No. 06-12234, 2012 WL 957633, at *21 (D. Mass. Mar. 21, 2012).

Contrary to QuoteWizard's characterization, this case presents numerous common questions capable of generating common answers for every member of the proposed class. Discovery will focus on whether QuoteWizard authorized or controlled the telemarketing campaign; whether First Call and InfoWorx used common prerecorded or artificial voice messages; whether consumers receiving those calls were transferred directly to QuoteWizard; what dialing platforms, prerecorded messages, and scripts were utilized; what consent records QuoteWizard required its vendors to maintain; whether QuoteWizard required call recordings or otherwise monitored compliance; and whether QuoteWizard reviewed, accepted, and monetized the leads generated by the campaign. Each of these issues is susceptible to common proof and will materially advance the claims of every class member in a single proceeding.

These are precisely the types of common factual questions that Rule 23 contemplates. Resolution of those issues will not vary from consumer to consumer because they concern QuoteWizard's own conduct, its relationship with its telemarketing vendors, and the structure of the telemarketing campaign itself. Whether QuoteWizard exercised sufficient control over the campaign, what policies governed the calls, and what records exist concerning prerecorded messages and purported consent are questions that can be answered through common evidence obtained from QuoteWizard and its agents, not individualized testimony from each putative class member.

As the court in a certified class action against QuoteWizard held: "These common questions identified by Mantha are essential to the claims of all the members of the putative Class. They are also of the type of questions that other sessions of this Court have found satisfy the

9

commonality requirement under Rule 23(a)(2)." *Mantha v. Quotewizard.Com, LLC,* 347 F.R.D. 376, 393 (D. Mass. 2024) (citations omitted).

Finally, this Court should not hold as a matter of law that a TCPA class is not ascertainable. Indeed, identifying class members in a TCPA case is simply a matter of expert work as other Courts in this Circuit have found when certifying a TCPA case. *See e.g. Johnson v. Comodo Grp., Inc.,* No. 16-4469 (SDW) (LDW), 2020 U.S. Dist. LEXIS 18033, at *25-27 (D.N.J. Jan. 31, 2020). The Court should find the same here.

Similarly, QuoteWizard's claim that it will be impossible to certify the class because it will be impossible to identify what individuals received calls and in which prerecorded messages played is also premature. Again, it will be discovery that will determine which calls played prerecorded messages promoting QuoteWizard, and the contours of the class definition can be adjusted appropriately. However, to claim that it is impossible to certify such a class ignores the case law that a defendant's potential vicarious liability for telemarketing calls is a common question among class members. *See, e.g., Abante Rooter & Plumbing, Inc. v. Alarm.com, Inc.*, No. 15-cv-6314-YGR, 2017 WL 1806583, at *7 (N.D. Cal. May 5, 2017) (finding whether defendant was vicariously liable for calls made by an entity it contracted with was a common question and certifying claims under the TCPA).

### III.    Plaintiff's Proposed Class and Sub Class Definitions are Not Fail Safe.

QuoteWizard is simply incorrect in asserting that Plaintiff has proposed a "fail-safe" class. The Third Circuit has described a "fail-safe" class as follows (while noting that the Third Circuit has never held that a fail-safe class is impermissible):

> A fail-safe class is "one that is defined so that whether a person qualifies as
> a member depends on whether the person has a valid claim." *Byrd v.
> Aaron's Inc.*, 784 F.3d 154, 167 (3d Cir. 2015), *as amended* (Apr. 28, 2015)
> (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825
> (7th Cir. 2012)).

*Wolff v. AETNA Life Ins. Co.*, 77 F.4th 164, 170 n.4 (3d Cir. 2023). Here, if QuoteWizard was

able to prevail on its affirmative defense that it calls with the prior express written consent to members of the putative class and sub-class, then QuoteWizard would prevail against the claims of the class and Mr. Abramson—thereby obviating any concern that the proposed class is faile-safe, *i.e.,* defined as only individuals that have valid claims.

Courts in this Circuit have recognized that when a class definition is not limited to individuals who did not consent to be called, the class is not fail safe:

> Accordingly, many district courts within the Third Circuit have determined that TCPA class definitions avoid fail-safe concerns by omitting the issue of consent or other merits-based criteria. See Jackson v. Direct Bldg. Supplies LLC, No. 4:23-CV-01569, 2024 U.S. Dist. LEXIS 8811, 2024 WL 184449, at *9 & n.101 (M.D. Pa. Jan. 17, 2024) (Brann, C.J.)

*Friel v. Line 5, LLC*, No. 3:24cv1866, 2025 LX 377520, at *15 (M.D. Pa. Aug. 21, 2025). Indeed, a district court in New Jersey held that even inclusion of a definition of lack of consent did not render the class fail safe as long as the class was not defined as including only recipients of calls that violated the TCPA

> Plaintiff has not created fail-safe classes because both class definitions use "objective and non-conclusory" language in defining membership. *Id.* With respect to the Pre-recorded No Consent Class, the Court may determine membership using objective criteria, such as whether Defendant called the putative class members and whether Defendant made those calls using a pre-recorded voice. Similarly, with respect to the Do Not Call Registry Class, the Court may determine membership based on criteria such as whether Defendant called the putative class members more than once during a twelve-month period and whether the putative members were registered on the DNCR. Neither definition includes, as an element, that Defendant's "conduct [*31] was impermissible or prohibited by the [TCPA]." *Id.*; *cf. Mazzei v. Money Store*, 288 F.R.D. 45, 55 (S.D.N.Y. 2012) ("Defining the class to include only those who were charged fees 'that were not permitted' results in a fail-safe class.").

*Arcieri v. Suntuity Solar Ltd. Liab. Co.*, No. 20-16292 (FLW), 2021 U.S. Dist. LEXIS 186205, at *30-31 (D.N.J. Sep. 27, 2021). Because the class is not fail-safe by any definition, QuoteWizard's motion should be denied.

IV.    **Because it is Well-Settled that a Violation of the TCPA is an Injury in Fact which Supports Article III Jurisdiction, QuoteWizard's Claim that a TCPA Violation "Does Not Cause Article III Harm" Should be Rejected**

In its Memorandum in support, QuoteWizard flatly asserts that a violation of the TCPA "does not result in the harm to a substantive right, but merely a procedural protection designed to protect that right, does not cause Article III harm." Memorandum in Support at 13 (ECF No. 24). QuoteWizard is entirely incorrect: "In passing the TCPA, Congress has "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341, 136 S. Ct. 1540, 1549 (2016). In *Transunion* the Supreme Court specifically held that the nature of a TCPA claim, analogous to the tort of an intrusion upon seclusion, means that it is a "Case or Controversy" that may be heard in federal court. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (citing TCPA case *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.), *cert denied*, 209 L. Ed. 2d 568, 2021 WL 1521010 (U.S. 2021)). This plain reading of *Transunion* was confirmed by the Tenth Circuit in *Lupia v. Medicredit, Inc.,* No. 20-1294, 2021 U.S. App. LEXIS 24547, at *16 (10th Cir. Aug. 17, 2021) (the Supreme Court's decision in *TransUnion* "clarified the *Spokeo* standing requirements, including that the tort of intrusion upon seclusion is recognized as an intangible harm providing a basis for a lawsuit in American courts.")

As then Circuit Judge Barrett observed, "when *Spokeo* instructs us to analogize to harms recognized by the common law, we are meant to look for a 'close relationship' in kind, not degree." *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 461-463 (7th Cir.2020). As the Supreme

12

Court held, an unwanted prerecorded voicemail is analogous to an invasion of privacy and accordingly supports Article III standing. The Third Circuit has long held that the TCPA does support Article III standing: "[f]or these reasons, we hold that Susinno has alleged a concrete, albeit intangible, harm under the Supreme Court's decision in *Spokeo* and our decision in *Horizon*. *Susinno v. Work Out World Inc.*, 862 F.3d 346, 352 (3d Cir. 2017); *see also Dickson v. Direct Energy, LP*, 69 F.4th 338, 349 (6th Cir. 2023) (" Because the district court erred in dismissing Dickson's suit for want of standing, we reverse its judgment and remand for further consideration.")

QuoteWizard's flawed standing argument does not support its motion to strike Plaintiff's class allegations.

**V.     QuoteWizard's Request to Strike Allegations about its TCPA Litigation History is not Well Taken—The Allegations are Directly Relevant to Whether its TCPA Violations were committed Knowingly and Wilfully.**

The private right of action under the TCPA as to illegal prerecorded calls provides that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under the subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. ¶ 227(b)(3)(C). Because Plaintiff believes QuoteWizard committed its violations "knowingly and willfully" he included the following three allegations that QuoteWizard seeks to strike as immaterial:

> Here, Plaintiff alleges that (1) "[t]housands of people have complained to QuoteWizard about telemarketing by QuoteWizard or its affiliates and vendors,"(2) "QuoteWizard is no stranger to TCPA violations," and (3) "[QuoteWizard] settled a certified class action in the District of Massachusetts of Massachusetts [*sic*] for $19,000,000. *Mantha v. QuoteWizard.com, LLC*, D. Mass. C.A. 1:19-cv-12235-LTS, ECG 397 (September 29, 2025)."

13

QuoteWizard Memorandum of Law in Support, ECF No. 24 at 16 (citing Complaint at ¶¶ 42-44). QuoteWizard motion to strike these allegations should be denied as they are not only not immaterial, they are directly relevant to whether the violations were committed knowingly and willfully.

QuoteWizard's motion to strike these specific allegations falls far short of the high bar for a motion under Rule 12(f) set forth by this Court:

> Rule 12(f) of the Fed. R. of Civ. P. provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Synthes, Inc. v. Emerge Med., Inc.*, No. 11-1566, 2012 U.S. Dist. LEXIS 140251, 2012 WL 4473228 at *3 (E.D. Pa. Sept. 28, 2012). However, 12(f) motions to strike are disfavored and infrequently granted, usually only where the allegations have no relevance to the controversy and may prejudice the parties. *Id.* To prevail on a 12(f) motion, "the moving party must demonstrate that 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues.'" *Aetna Inc. v. Insys Therapeutics, Inc.*, 324 F. Supp. 3d 541, 560 (E.D. Pa. 2018) (alteration in original) (quoting *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428-29 (E.D. Pa. 2007)).

*Russo v. Lamancusa*, No. 2:21-cv-1891, 2023 LX 133409, at *12 (W.D. Pa. Apr. 3, 2023) (Colville, J.).

Here, the allegations bear direct on the standard for possible trebling of an award under the TCPA. In upholding a district court's trebling of a jury's class action award of over $20,000,000 to over $61,000,000, the Fourth Circuit described the basis for trebling an award under the TCPA as follows:

> In articulating the standard applicable to Dish's actions standing alone, the court rightly acknowledged that mere negligence would not be enough to support trebling the award. Instead, Dish would only be liable if its actions

14

demonstrated indifference to ongoing violations and a conscious disregard for compliance with the law. *Id.* at 571 (citing *United States v. Blankenship*, 846 F.3d 663, 673 (4th Cir. 2017)).

*Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 661-62 (4th Cir. 2019) (citing Restatement (Third) of Agency § 7.04). Here, just as was the case in the Dish case, Plaintiff's allegations which QuoteWizard seeks to strike were not the negligent violations of a defendant unaware of the requirements of the TCPA—rather the allegations demonstrate "indifference to ongoing violations and a conscious disregard for compliance with the law." For this reason, QuoteWizard has not met its heavy burden and its motion to strike should be denied.

### CONCLUSION

QuoteWizard asks this Court to decide Rule 23 questions without the Rule 23 record. The Federal Rules, Third Circuit precedent, and the overwhelming weight of TCPA authority reject that approach. Because the motion is procedurally improper, premature, and unsupported on the merits, it should be denied in its entirety.

Dated: July 7, 2026

Plaintiff,
By Counsel,

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Pro Hac Vice*

Edward A. Broderick
Broderick Law, P.C.
10 Hillside Avenue
Winchester, MA 01890
(617) 738-7080
ted@broderick-law.com
*Pro Hac Vice*

## Certificate of Service

I hereby certify that on July 7, 2026, I caused the foregoing to be filed with the Court's CM/ECF system which will effect service upon all counsel of record.

*/s/ Anthony I. Paronich*
Anthony I. Paronich

16