IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEWART ABRAMSON, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

FIRST CALL SOLUTIONS, LLC,
INFOWORX DIRECT, LLC and
QUOTEWIZARD.COM, LLC,

Defendants.

Civil Action No. 2:26-cv-00916-RJC

**REPLY IN SUPPORT OF DEFENDANT QUOTEWIZARD.COM, LLC'S MOTION
TO STRIKE CLASS ALLEGATIONS AND IMMATERIAL AND
PREJUDICIAL ALLEGATIONS**

Defendant QuoteWizard.com, LLC ("QuoteWizard") hereby submits this Reply in Support

of its Motion to Strike Class Allegations and Immaterial and Prejudicial Allegations to address

limited matters raised in the Opposition filed by Plaintiff Stewart Abramson ("Plaintiff").

**I.     The Motion Is Not Procedurally Barred, And It Is In The Interests Of Judicial
Economy And Efficiency To Resolve The Matters Raised In It At This
Juncture**

Should this Court allow the instant motion, the cost of this litigation will decrease tenfold.

More importantly, the Parties will not be burdened by litigating matters that ultimately have no

bearing on the claims in this action.  By way of example, should this Court strike ¶¶ 42-45 of the

Complaint, as QuoteWizard requests, then Plaintiff will not be permitted to conduct discovery

concerning multiple separate class action lawsuits, none of which, even if substantiated, bear on

the validity or merits of Plaintiff's claims in this action.  It follows that striking those allegations

alone has the potential to save the Parties from pursuing and expending enormous sums on matters

that are immaterial to the issues before the Court in this litigation. Despite Plaintiff's argument, this Court in fact has the ability to consider QuoteWizard's Motion to Strike at this juncture, even if QuoteWizard filed a prior Motion to Dismiss. The Court's power to do so is specifically provided in the rule itself.

"Rule 12(f) provides that a district court may order stricken from any pleading any insufficient defense [or any redundant, immaterial, impertinent, or scandal matter] upon the court's own initiative *at any time*. Courts have read Rule 12(f) to allow a district court to consider a motion to strike *at any point in a case*, reasoning that it is considering the issue of its own accord despite the fact that its attention was prompted by an untimely motion." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399 (1991) (emphasis added), *citing FDIC v. British-American Corp.*, 744 F.Supp. 116, 117 (E.D.N.C. 1990) ("Technically, Rule 12(f) required plaintiffs to file the motion to strike within 20 days after receipt of the answer. However, the rule also allows the court to strike an insufficient defense at any time on its own initiative, and the court may consider the motion at this time pursuant to this provision."); *National Union Fire Ins. v. Alexander*, 728 F.Supp. 192, 194 (S.D.N.Y. 1989); *Krauss v. Keibler-Thompson Corp.*, 72 F.R.D. 615, 617 (D. Del. 1976); *Uniroyal, Inc. v. Heller*, 65 F.R.D. 83, 86 (S.D.N.Y. 1974); *Stonybrook Tenants Ass'n v. Alpert*, 29 F.R.D. 165, 168 (D. Conn. 1961). "[T]he Court *at any time*, on its own initiative, may order stricken any insufficient defense." *State of Wash. v. M/V Dilkara*, 470 F. Supp. 437, 439 (W.D. Wash. 1979) (emphasis added).

Resolving the issues presented in QuoteWizard's Motion to Strike at this juncture is in both the Parties' and the Court's best interests, and the Court has the power to do so under the plain language of the rule. It would be illogical for this Court to decline to rule on the motion on the grounds of untimeliness when, on the one hand, the rule allows the Court to rule on it under the

circumstances, and, on the other hand, doing so has the potential to save the Parties from expending significant costs on immaterial and prejudicial matters.

> **II.      Plaintiff's Proposed Wait-And-See Approach Is Unfair, Costly, And Contrary To Supreme Court Precedent**

Plaintiff cannot move forward on a class-wide basis, yet he suggests that the Parties should first incur the costs of discovery to determine whether his class allegations should proceed.  And while it may be true that motions to strike are generally disfavored, they should be employed and granted when, like here, the Parties can avoid unnecessary and significant costs in light of legal and factual matters raised in the pleading.  "A motion to strike [class] action allegations is ... analyzed under the 12(b)(6) standard."  *Cavallaro v. UMass Mem'l Health Care, Inc.*, 971 F.Supp.2d 139, 145 (D. Mass. 2013) (citation omitted).  At the motion to dismiss stage, the "question before the Court ... is not whether the class should be certified, but whether the class allegations in the complaint should be stricken." *Bearbones, Inc. v. Peerless Indem. Ins.*, No. 3:15-cv-30017-KAR, 2016 WL 5928799, at *9 (D. Mass. Oct. 11, 2016), *quoting Barrett v. Avco Fin. Servs. Mgmt. Co.*, 292 B.R. 1, 11 (D. Mass. 2003).

While "[c]ourts generally will not conduct a full inquiry into collective action allegations at this stage, ... collective action claims must nonetheless create a plausible entitlement to relief by putative class members to survive a motion to dismiss." *Cavallaro*, 971 F. Supp. 2d at 152, *citing Landry v. Peter Pan Bus Lines, Inc.*, 2009 WL 9417053, at *1 (D. Mass. Nov. 20, 2009).  "In order to proceed, a plaintiff must properly allege a factual basis showing that there are similarly situated persons entitled to relief ... and/or that common issues of fact predominate sufficiently to satisfy the traditional Fed. R. Civ. P. 12(b)(6) standard." *Cavallaro*, 971 F. Supp. 2d at 152, *citing Landry*, 2009 WL 9417053, at *1.

Contrary to Plaintiff's suggestion, determining who is a member of the TCPA Prerecord QuoteWizard Sub-Class and the TCPA Prerecord Class requires thousands, if not millions, of individual analyses.  "[W]hen class members [are] impossible to identify prior to individualized fact-finding and litigation, the class fails to satisfy one of the basic requirements for a class action under Rule 23."  *Shanley v. Cadle*, 277 F.R.D. 63, 68 (D. Mass. 2011), *quoting Crosby v. Social Sec. Admin.*, 796 F.2d 576, 580 (1st Cir. 1986) (internal quotes omitted).  "[T]he Court must decide whether the proposed class satisfies the implicit requirement of Rule 23 that determining whether a particular individual is a member of the class is administratively feasible."  *Shanley*, 277 F.R.D. at 67; *see also Santiago v. City of Philadelphia*, 72 F.R.D. 619, 628 (E.D. Pa. 1976) ("[I]if significant individual issues were to arise consistently, the suit could become unmanageable and little value would be gained in proceeding as a class action.").

Plaintiff suggests that it is premature to strike the class allegations and instead, the Parties should first engage in discovery to flesh out factual matters as to all of the potential plaintiffs.  But adopting a wait-and-see approach, as Plaintiff desires, when Plaintiff has not first plausibly alleged class claims would not only be grossly unfair to QuoteWizard—which would have to absorb the significant expense of putative class discovery and putative class certification motion practice— but would be contrary to controlling Supreme Court precedent.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Simply, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

**III.     <u>Paragraphs 42-45 Of The Complaint Do Not Allege That QuoteWizard Acted Knowingly And Willfully</u>**

The sole reason Plaintiff advances in support of his argument that ¶¶ 42-45 should remain in the Complaint is that those allegations, if proven to be true, may demonstrate that QuoteWizard

acted knowingly and willfully.  While QuoteWizard vehemently denies this suggestion, the greater issue with Plaintiff's argument is that Plaintiff does not even allege that QuoteWizard acted in such a way in the subject "other cases."  *See* Complaint at ¶¶ 42-45.  For example, Plaintiff does not allege that there was a finding of willful or knowing violations in the *Mantha v. QuoteWizard.com, LLC* matter.  In fact, Plaintiff does not assert an allegation concerning a single separate case that included such findings.

Allowing these allegations to remain in the Complaint will cause the Parties to expend tens of thousands of dollars on unnecessary discovery, which, at the end of the day, will not move the ball down the field on Plaintiff's claims.  It is not premature to strike either the class allegations or the allegations concerning the *Mantha* matter.  Doing so would ultimately resolve a fundamental legal issue that cannot be resolved during or post-discovery.  Accordingly, this Court should exercise its inherent power and strike the allegations at issue in QuoteWizard's Motion to Strike.

## IV.    Conclusion

WHEREFORE, for the foregoing reasons and those detailed in the underlying motion and memorandum of law, QuoteWizard respectfully moves this Court to strike the (i) class allegations to prevent the pursuit of uncertifiable classes, and (ii) prejudicial and immaterial allegations, including ¶¶ 42-45 of the Complaint.

[*Signature Page and Certificate of Service to Follow.*]

Respectfully Submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP,**

*/s/ Kevin P. Polansky*
Kevin P. Polansky (Admitted *Pro Hac Vice*)
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, Massachusetts 02111
Telephone: (617) 217-4720
Facsimile: (617) 217-4710
kevin.polansky@nelsonmullins.com

***Counsel for Defendant QuoteWizard.com, LLC***

Date: July 21, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: July 21, 2026               */s/ Kevin P. Polansky*
                                    Kevin P. Polansky (Admitted *Pro Hac Vice*)